

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00240-CR

DENISE GAIL DOOLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 42348-B

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

After Denise Gail Dooley pled guilty to the offense of attempting to possess or obtain a controlled substance by fraud, she was placed on four years' deferred adjudication community supervision. The terms and conditions of Dooley's community supervision were subsequently amended, requiring her to complete a Substance Abuse Felony Punishment (SAFP) program. The State thereafter filed an application for adjudication of guilt. Dooley pled "true" to the allegations contained in the State's application, and her guilt was adjudicated. After a punishment hearing before the trial court, Dooley was sentenced to seven years' incarceration.

Dooley's appellate counsel filed a brief which outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the course of the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel provided Dooley with a copy of the brief, the appellate record, and the motion to withdraw. Counsel also informed Dooley of her right to review the record and file a pro se response. Dooley's pro se response, if any, was due on or before June 3, 2015. Dooley has not filed a pro se response and has not requested an extension of time in which to file such a response.

However, in *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). We note that the trial court's judgment revoking community supervision ordered Dooley to pay $706.50 in attorney fees for court-appointed counsel. The record establishes that Dooley is indigent. Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). "'[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees'" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

Here, the record is devoid of any determination or finding by the trial court that Dooley had financial resources or was otherwise able to pay the appointed attorney fees. Thus, the assessment of attorney fees was erroneous and should be removed. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

Further, the judgment indicates that Dooley pled "not true" to the revocation allegations, when, in fact, she pled "true" to those allegations.

Finally, the offense with which Dooley was charged and convicted is properly termed "fraud," rather than attempted fraudulent possession of a controlled substance or possession of a controlled substance. *See* TEX. HEALTH AND SAFETY CODE ANN. § 481.129 (West Supp. 2014).

We have reviewed the entire appellate record and have independently determined that no reversible error exists. Accordingly, we modify the trial court's judgment by (1) deleting the attorney fees incurred by appointed counsel in the amount of $706.50 from the judgment, (2) replacing a plea of "not true" to "true" as the plea to the motion to adjudicate, and (3) identifying the offense for which Dooley was convicted as "fraud," and removing "fraudulent possession controlled substance/persecription [sic]" as the offense for which she was convicted.

We affirm the trial court's judgment, as modified.[1]


Ralph K. Burgess
Justice


Date Submitted:    June 24, 2015
Date Decided:    July 20, 2015

Do Not Publish

---

[1]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.